IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOSHUA MALLORY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 2:16-cv-2151-JDT-cgc |
| | ) | |
| | ) | |
| MIDDLE TN MENTAL HEALTH AND | ) | |
| MRS. THOMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915

Before the Court, by way of Administrative Order 2013-05,[1] is a *pro se* complaint filed on April 23, 2019 by Plaintiff Joshua Mallory, resident of Memphis, Tennessee, against Middle Tennessee Mental Health and Mrs. Thompson, accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries ("D.E.") 1 & 2.)

Federal law provides that the "clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400," 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

1

into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, the Plaintiff has submitted a properly completed and executed *in forma pauperis* affidavit. The information set forth in the affidavit satisfy Plaintiff's burden of demonstrating that he is unable to pay the civil filing fee. Accordingly, the motion to proceed *in forma pauperis* is GRANTED.

The Clerk shall record the defendant as Middle Tennessee Mental Health[2].

Plaintiff's complaint alleges violations of Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. §§ 2000e to 2000e-17, as amended. Plaintiff alleges that he was terminated because "a white woman said I abuse (sic) a patient. … They took her word over mine and terminated me and gave me no rehire rights." (Complaint, ¶10). Plaintiff avers that the alleged discriminatory acts occurred "between 1992 – 1994" and that he filed his charge with the Equal Employment Opportunity Commission and the Tennessee Human Rights Commission on March 21, 2019. (Complaint, ¶¶ 7, 11 and 12) Plaintiff seeks unspecified compensatory damages as well as other forms of relief[3].

---

[2] Title VII only applies to employers and not to individual supervisors and there is no cognizable claim against "Mrs. Thompson". *See*, Wathen v. Gen. Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997) ("In sum, we find that the statute as a whole, the legislative history and the case law support the conclusion that Congress did not intend individuals to face liability under the definition of "employer" it selected for Title VII.")

[3] Plaintiff checked every box in the relief section therefore it is uncertain exactly what relief he is seeking.

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action-

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §1915(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be

overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

It is recommended that Plaintiff's Complaint fails to state a claim on which relief may be granted for two reasons. First, while Plaintiff alleges race and sex discrimination,[4] he does not allege that he was qualified for his position or that similarly situated non-protected employees were treated more favorably or that he was replaced by someone outside his protected class. *See*, Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 363 (6th Cir. 2010)    By failing to allege these elements, Plaintiff fails to set forth a *prima facie* case of discrimination. Second, Plaintiff failed to timely exhaust his administrative remedies. To exhaust administrative remedies, a plaintiff must file an EEOC charge within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days. See 42 U.S.C. § 2000e-5(e). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has 90 days to file a civil action. See 42 U.S.C. § 2000e-5(f)(1).   A plaintiff must demonstrate facts showing his diligence in pursuing the claim. *See*, Morgan v. Washington Mfg. Co., 660 F.2d 710, 712 (6th Cir. 1981). Based on Plaintiff's statements in the complaint and in his EEOC charge, Plaintiff waited approximately twenty-five (25) years to file his claim.   Plaintiff has not stated any reason to consider equitable tolling as a reason to disregard the incredibly long delay.

---

[4] Plaintiff selected every box for basis of discrimination in paragraph 9.   However, in his charge of discrimination he stated that the bases for discrimination were race and sex.   (D.E. # 1-1)

For the foregoing reasons, it is RECOMMENDED that the Court DISMISS the action, in its entirety, for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 24th day of April, 2019.

                                              s/ Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**