IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOSHUA MALLORY, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:19-cv-02255-SHL-cgc |
| MIDDLE TENNESSEE MENTAL HEALTH, | ) |
| Defendant. | ) |

**ORDER MODIFYING THE DOCKET, ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION, DISMISSING COMPLAINT WITH PREJUDICE, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS* AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Before the Court are Magistrate Judge Charmiane G. Claxton's ("Magistrate Judge") Report and Recommendation ("R&R"), filed April 24, 2019, granting Plaintiff Joshua Mallory leave to proceed in forma pauperis and recommending that the Court dismiss Mr. Mallory's pro se Complaint for failure to state a claim upon which relief may be granted, and certifying that an appeal would not be taken in good faith, (ECF No. 6), and Mr. Mallory's "Statement of What Happened," which the Court construes as his objections to the R&R, filed May 16, 2019, (ECF No. 8).[1]  Also pending before the Court is Mr. Mallory's pro se Motion for Appointment of Counsel, filed May 16, 2019.  (ECF No. 7.)  For the following reasons, the R&R is **ADOPTED IN PART AND MODIFIED IN PART**, and Mr. Mallory's Complaint is **DISMISSED WITH PREJUDICE**.  Furthermore, the Court **CERTIFIES** that an appeal would not be taken in good

---

[1] Although Mr. Mallory was required to file objections within 14 days of the R&R, the Court recognizes that he is acting pro se and affords him additional latitude.  See Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).

faith, and thus leave to appeal in forma pauperis is **DENIED**. Finally, the Motion for Appointment of Counsel is also **DENIED**.

## BACKGROUND

Mr. Mallory filed a pro se Complaint and Motion for Leave to Proceed In Forma Pauperis with supporting affidavit on April 23, 2019. (ECF No. 1, 2.) Pursuant to Administrative Order 2013-05, this matter was automatically referred to the Magistrate Judge, who granted the Motion for Leave to Proceed In Forma Pauperis. (ECF No. 6 at PageID 26–27.)

The Complaint alleges that, "[b]etween 1992–1994," Defendants discriminated against Mr. Mallory on the basis of his race. He was employed by Defendant Middle Tennessee Mental Health ("MTMH"), but he alleges that Defendants failed to promote him and terminated him. (ECF No. 1 at PageID 3.)[2] Specifically, he alleges that they fired him when "[a] white woman" wrongfully accused him of abusing a MTMH patient whom he "push[ed] . . . out of the way" when the patient attacked him, resulting in his termination without "rehire rights." (Id. at PageID 4, 15.) The Complaint also states that Mr. Mallory has exhausted his administrative remedies with the Tennessee Human Rights Commission and Equal Employment Opportunity Commission ("EEOC"), has obtained a Right to Sue letter and requests a jury trial. (Id. at PageID 5.) He seeks reinstatement, promotion, back pay and compensatory damages of an unspecified amount, and nondescript equitable relief, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Id. at PageID 1, 6.)

The R&R recommends dismissal of the Complaint for failure to state a claim upon which relief may be granted for two chief reasons: (1) the Complaint fails to establish a prima facie

---

[2] The Complaint also states that Defendants failed to hire Mr. Mallory, despite the fact that he worked for MTMH. (ECF No. 1 at PageID 3.)

case for discrimination, and (2) Mr. Mallory failed to timely exhaust his administrative remedies. (See generally ECF No. 6.) In his objections to the R&R, Mr. Mallory reiterates that he was fired for an incident in which he was defending himself from an attacking patient. He tried to memorialize what happened at the time, but there was no video evidence, and MTMH believed several white people's word against his. (See ECF No. 8 at PageID 37–39.) He accuses his former employers and colleagues of racism, states that he became homeless and suffered mental anguish as a result of his termination, and alleges that he has been unable to obtain a job or admission to graduate school because he is not eligible for rehire at MTMH. (Id. at PageID 38–39.)

Mr. Mallory also explains that he did not approach the EEOC until now because he did not know it existed, and would have filed a complaint years ago if had known of this avenue for relief. (Id. at PageID 39.) Mr. Mallory demands that his case be "reviewed precisely and for what is right and just," that "anything that is untrue and defaming to [his] character be removed from [his employment] history" and that he receive a nondescript "promotion." (Id. at PageID 39–40.) In the alternative, Mr. Mallory asks the Court to "direct [him] to where [else he] need[s] to go" for relief. (Id. at PageID 40.)

## STANDARD OF REVIEW

A magistrate judge may submit to a judge of the court recommendations for the determination of certain pretrial matters. 28 U.S.C. §§ 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects. Fed. R. Civ. P. 72(b)(2); see also

Fed. R. Civ. P. 72(b)(3). After reviewing objections, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). "A general objection that does not identify specific issues from the magistrate's report," on the other hand, "is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." Johnson v. Brown, No. 13-242-GFVT, 2016 WL 4261761, at *1 (E.D. Ky. Aug. 12, 2016) (citing Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

## ANALYSIS

### I. The R&R

As an initial matter, the R&R recommends dismissal of "Ms. Thompson" as a named party because "Title VII only applies to employers and not to individual supervisors." (ECF No. 6 at PageID 27 n.2.) Indeed, "the statute as a whole, the legislative history and the case law support the conclusion that Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII." Wathen v. Gen. Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997). The Court **ADOPTS** the R&R as to this issue and **DISMISSES** "Ms. Thompson" from the case. However, the R&R does not address Defendant Gloria Britton. To that end, the R&R is **MODIFIED**, and Mr. Mallory's claims against Ms. Britton are similarly **DISMISSED**.[3]

Next, as to a prima facie discrimination case, the Magistrate Judge found that Mr. Mallory failed to allege that he was qualified for his position or that similarly situated non-protected employees were treated more favorably than he was, or that he was replaced by

---

[3] The Clerk is hereby directed to **MODIFY** the docket by terminating "Ms. Thompson" and Gloria Britton as named Defendants. The action shall be restyled JOSHUA MALLORY, Plaintiff, versus MIDDLE TENNESSEE MENTAL HEALTH, Defendant.

someone outside his protected class. (ECF No. 6 at PageID 30.) Indeed, to establish a Title VII claim prima facie, "a plaintiff must demonstrate (1) that he is a member of a protected class; (2) that he suffered an adverse employment action; (3) that he was qualified for the position; and (4) that a similarly-situated employee outside the protected class or classes was treated more favorably than he." Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 363 (6th Cir. 2010) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).

As to Mr. Mallory's failure to timely exhaust administrative remedies, the R&R recommends dismissal of the Complaint because Mr. Mallory waited approximately 25 years after his allegedly wrongful termination to file an EEOC claim. (ECF No. 6 at PageID 30.) In contrast, federal law requires that a person initiate an EEOC claim within either 180 days or 300 days of the occurrence of an alleged unlawful employment practice, depending on the circumstances. See 42 U.S.C. § 2000e-5(e)(1). In other words, a civil rights plaintiff must diligently pursue the relief he seeks. See, e.g., Morgan v. Wash. Mf'g Co., 660 F.2d 710, 712 (6th Cir. 1981). Equitable tolling applies in only narrow circumstances; not knowing that the EEOC exists is not among recognized reasons for equitable tolling. See id.

The Court has reviewed the R&R for clear error and finds none. Mr. Mallory's objections offer no new factual allegations to cure the deficiencies in the Complaint, and does not challenge either the Magistrate Judge's factual findings or legal conclusions. It simply reiterates the allegations in the Complaint concerning how and why Mr. Mallory was fired, and demands in more specific terms the relief he seeks. This kind of general objection is insufficient to overcome the R&R. Johnson, 2016 WL 4261761, at *1 (citing Howard, 932 F.2d at 509). Therefore, the Court **ADOPTS** the R&R, and the Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

Finally, the R&R recommends that the Court certify that an appeal would not be taken in good faith. (ECF No. 6 at PageID 31.) "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith is measured objectively by whether a litigant seeks to appeal any non-frivolous issue. Coppedge v. United States, 369 U.S. 438, 445 (1962). Again, the Court has reviewed the R&R for clear error and finds none. Mr. Mallory's objections do not address this conclusion, but ask only where he should go for relief if not here. This is again insufficient to overcome the R&R. Johnson, 2016 WL 4261761, at *1 (citing Howard, 932 F.2d at 509). Therefore, the Court **ADOPTS** the R&R and **CERTIFIES** that an appeal would not be taken in good faith. Leave to appeal in forma pauperis is **DENIED**.

## II. Motion to Appoint Counsel

On May 16, 2019, Mr. Mallory filed a Motion for Appointment of Counsel on a form provided by the Clerk. (ECF No. 7.) In it, he states that he needs counsel because he is unemployed and needs a job; in other words, he needs counsel to help him achieve his legal objectives. (See id. at PageID 35.) Mr. Mallory states that he sought assistance at a pro bono legal clinic and from the Community Legal Center in April 2019, but both refused to take his case. (Id.)

There is no constitutional right to the assistance of counsel in civil cases. Furthermore, "it is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases . . . [a]nd, it is inappropriate to request an attorney to serve a plaintiff whose likelihood of success in his action is highly dubious." Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1971) (internal quotation marks and citations omitted). Here, it would be logically inconsistent for the Court to appoint counsel where it has found that the Complaint should be

dismissed for failure to state a claim upon which relief may be granted and certified that an appeal would not be taken in good faith.  Therefore, the Motion to Appoint Counsel is also **DENIED**.

## **CONCLUSION**

For the foregoing reasons, the R&R is **ADOPTED IN PART AND MODIFIED IN PART**, and Mr. Mallory's Complaint is **DISMISSED WITH PREJUDICE**.  Furthermore, the Court **CERTIFIES** that an appeal would not be taken in good faith, and thus leave to appeal in forma pauperis is **DENIED**.  Finally, the Motion for Appointment of Counsel is also **DENIED**.

**IT IS SO ORDERED,** this 10th day of June, 2019.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
